```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

JULIE S. JARRELL,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:14cv57

KROGER LIMITED PARTNERSHIP I
d/b/a Kroger Store #532,

and

CENTIMARK CORPORATION
d/b/a QUESTMARK, a Division of Centimark
Corporation,

and

WIMCO CORP.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss ("Motion"), filed by Centimark Corporation d/b/a Questmark, a Division of Centimark Corporation ("Questmark"), pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. For the reasons set forth herein, Questmark's Motion to Dismiss the Plaintiff's joint enterprise liability claim against it is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit arises out of an accident allegedly suffered by the Plaintiff, Julie S. Jarrell, at Kroger Store

#532 in the City of Virginia Beach, Virginia. See Compl. ¶¶ 1-4, 7-16, ECF No. 1-1 (records filed in the Circuit Court for the City of Norfolk, Virginia). In her Complaint, the Plaintiff alleges that she "tripped and fell and sustained serious and permanent injuries" while shopping in Kroger Store #532 on February 11, 2012. Compl. ¶ 14. As a result, the Plaintiff sued Kroger Limited Partnership I ("Kroger"); Questmark; and Wimco Corp. ("Wimco") (collectively, "Defendants"). See Compl. ¶¶ 3-6. The Plaintiff's Complaint alleges the following claims against the Defendants: negligence claims against Kroger, Questmark, and Wimco (Counts One, Two, and Three, respectively); a respondeat superior claim against all of the Defendants (Count Four); a gross negligence claim against all of the Defendants (Count Five); and a joint enterprise claim against all of the Defendants (Count Six). See Compl. ¶¶ 7-55.

According to the Norfolk Circuit Court docket sheet attached to this Memorandum Opinion and Order as Exhibit A, the Plaintiff filed her Complaint in the Circuit Court for the City of Norfolk, Virginia, on January 6, 2014. See Ex. A. Questmark filed an Answer denying the substance of the Plaintiff's claims against it on February 3, 2014. See generally Def.'s Answer, ECF No. 1-1. Questmark also filed a Demurrer on February 3, 2014, arguing that the Complaint fails to allege a sufficient factual basis to plead a claim of joint enterprise liability upon which

2

relief can be granted against Questmark. See generally Def.'s Dem., ECF No. 1-1.

On February 12, 2014, Kroger filed a Notice of Removal to remove the action to this court from the Norfolk Circuit Court. See generally Notice of Removal, ECF No. 1. Questmark and Wimco consented to the removal, and the case was properly removed to this court. See id. Questmark then filed the instant Motion to Dismiss on April 29, 2014.[1]

In the Motion, Questmark moves to dismiss the Plaintiff's joint enterprise liability claim against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Mot. at 1; Def.'s Mem. Supp. Mot. Dismiss at 2-4, ECF No. 20. In support of its Motion, Questmark argues that the Complaint fails to allege sufficient facts to support a claim for joint enterprise liability against it. See Def.'s Mem. Supp. Mot. Dismiss at 2-4. On May 9, 2014, the Plaintiff filed a Response to Questmark's Rule 12(b)(6) Motion, arguing that her Complaint alleges sufficient facts to state a claim for joint enterprise liability against Questmark, and also that Questmark's Motion is untimely. See Pl.'s Resp. to Def.'s Mot. Dismiss at 2-4, ECF No. 23. Questmark filed a Reply to the Plaintiff's Response on May 12, 2014, arguing that its Motion is timely and reiterating its argument that the Complaint

---

[1] Questmark initially filed the Motion with an incomplete Certificate of Service. Questmark filed a corrected Certificate of Service on April 30, 2014.

3

fails to state a claim for joint enterprise liability against Questmark. See Def.'s Reply to Pl.'s Resp. at 1-3, ECF No. 24.

## II. TIMELINESS OF QUESTMARK'S MOTION TO DISMISS

As an initial matter, the Plaintiff argues that Questmark's Rule 12(b)(6) Motion should be denied as untimely. See Pl.'s Resp. to Def.'s Mot. Dismiss at 3-4. In support, the Plaintiff argues that Questmark should be barred from making the instant Motion because it has already filed an Answer to the Complaint in the Norfolk Circuit Court. See id. The Plaintiff's argument is without merit.

A Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). "'Thus, in order to be timely, a defendant should assert the defense of failure to state a claim before the close of pleadings.'" Morgan v. Wal-Mart Stores East, LP, No. 3:10CV669, 2010 WL 4394096, at *1 (E.D. Va. Nov. 1, 2010) (quoting Williams v. Equity Holding Corp., 498 F. Supp. 2d 831, 839 (E.D. Va. 2007)).

Here, Questmark asserted its defense of failure to state a claim on the Plaintiff's joint enterprise claim before the close of pleadings. Rule 3:8 of the Rules of the Supreme Court of Virginia requires a defendant to file responsive pleadings within twenty-one days after service of the summons and complaint. The Plaintiff filed her Complaint in Norfolk Circuit Court on January 6, 2014. See Ex. A. She then served the Summons

4

and Complaint on Questmark on January 13, 2014. See id. On February 3, 2014, twenty-one days after receiving service of process, Questmark timely filed both an Answer to the Plaintiff's Complaint and a Demurrer to the Plaintiff's joint enterprise claim against Questmark. See generally Def.'s Answer; Def.'s Dem.; Ex. A.[2] On February 12, 2014, the Defendants removed the case to this court from the Norfolk Circuit Court.

Federal Rule of Civil Procedure 81(c)(2) provides that, "[a]fter removal, repleading is unnecessary unless the court orders it." Although the court did not order repleading, Questmark filed the instant Motion to Dismiss under Rule 12(b)(6) on April 29, 2014. Moreover, "after removal, the demurrer filed in state court will be treated as the federal equivalent—a motion to dismiss for failure to state a claim." Morgan, 2010 WL 4394096, at *2. Thus, because the substance of Questmark's Demurrer and the instant Motion is the same, and because Questmark timely filed its Demurrer in state court, the court considers Questmark's Rule 12(b)(6) Motion timely. See id. (granting a Rule 12(b)(6) motion filed by the defendant after removal to federal court, where the substance of the

---

[2] The court notes that, like Rule 3:8 of the Rules of the Supreme Court of Virginia, Federal Rule of Civil Procedure 12(a) gives a defendant twenty-one days to serve a responsive pleading. See Fed. R. Civ. P. 12(a). Thus, had the case originally been filed in this court, Questmark's Answer and Demurrer/Motion to Dismiss would have been timely filed.

motion was identical to the substance of a demurrer timely filed in the state court by the defendant).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 556-57).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

6

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys. Inc., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### IV. ANALYSIS

#### A. Applicable Law

A federal district court hearing a case based on diversity jurisdiction, such as the instant case, must apply the law of the state in which the court sits. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); America Online, Inc. v. St. Paul Mercury Ins. Co., 347 F.3d 89, 92 (4th Cir. 2003). Virginia applies the lex loci delicti rule for determining the applicable law in tort actions. Jones v. R.S. Jones and Assoc., Inc., 41 S.E.2d 33, 34 (Va. 1993); see also

Garcia v. Pittsylvania Cnty. Serv. Auth., 845 F.2d 465, 467 (4th Cir. 1988) (stating that "the law of the State of the accident controls the remedy sought in that particular forum") (citing McCann v. Newport News Shipbuilding & Dry Dock Co., 177 F. Supp. 909, 913 (E.D. Va. 1959)). Thus, because the Plaintiff's alleged accident took place in Virginia, Virginia law applies to this tort action.

### B. Adequacy of the Plaintiff's Joint Enterprise Claim Against Questmark

The Supreme Court of Virginia defines "joint enterprise" as follows: "'To constitute a joint enterprise within the meaning of the law, the parties must have a community of interest in the object and purpose of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto.'" Alban Tractor Co. v. Sheffield, 263 S.E.2d 67, 68 (Va. 1980) (quoting Miller v. Query, 110 S.E.2d 198, 201 (Va. 1959)). Thus, the joint enterprise test has two elements: (1) community of interest; and (2) equality of the right to control. Id. at 68. The "community of interest" element may be satisfied by a common business purpose, or some kind of consideration or benefit. Sullins v. Strother, No. 87-3657, 1988 WL 83330, at *1 (4th Cir. Aug. 2, 1988) (citing Alban Tractor, 263 S.E.2d at 69; Miller, 110 S.E.2d at 201). Additionally, the "equal right to control" element "is analogous to agency

principles-each party in a joint enterprise is an agent of the other." Id. (citing Alban Tractor, 263 S.E.2d at 68; Miller, 110 S.E.2d at 201).

With respect to the "community of interest" element, the Complaint asserts that, at the time and place of the alleged accident, Questmark was "acting within the scope of [its] employment on behalf of . . . Kroger." Compl. ¶ 19. The Complaint further states that "Questmark was engaged in design, construction, maintenance, repair, and other activities" at Kroger Store #532. Compl. ¶ 20. Finally, the Complaint alleges that Questmark and Wimco "were acting as agents, servants and/or employees of defendant Kroger." Compl. ¶ 39. The allegation that Kroger employed Questmark satisfies the "community of interest" element of the joint enterprise test, because employment implies consideration. See Sullins, 1988 WL 83330, at *1 (citing Alban Tractor, 263 S.E.2d at 69; Miller, 110 S.E.2d at 201).

Regarding the "equal right to direct" element of the joint enterprise test, the Complaint states that the Defendants were "mutual agents and principals in the operation, design, construction, maintenance and repair of Kroger store #532." Compl. ¶ 54. The term "mutual agents" does imply an equal right

9

to direct the operation. See Sullins, 1988 WL 83330, at *1; Alban Tractor, 263 S.E.2d at 68; Miller, 110 S.E.2d at 201.[3]

In her Response to Questmark's Motion to Dismiss, the Plaintiff does point to paragraphs fifty-one and fifty-two of the Complaint as "clearly alleg[ing] joint enterprise among the defendants." Pl.'s Resp. to Def.'s Mot. Dismiss at 2. Paragraph fifty-one states the following: "[a]t all times mentioned, defendants Kroger, Questmark and Wimco were jointly engaged in the operation, design, construction, maintenance and repair of Kroger store #532 located in Virginia Beach, Virginia." See Pl.'s Resp. to Def.'s Mot. Dismiss at 2; Compl. ¶ 51. Paragraph fifty-two states the following: "[i]n operating the store and its grocery operations, defendant Kroger allowed the store to remain open while at the same time Questmark and Wimco were engaged in the design, construction, maintenance and repair of the premises." Pl.'s Resp. to Def.'s Mot. Dismiss at 2; Compl. ¶ 52. While neither paragraph directly states the elements of the joint enterprise test, they again imply the "mutual"

---

[3] While this allegation arguably appears to be a bare legal conclusion, with no facts to support it, no discovery has occurred at this very early stage of the litigation. Additionally, given the overall factual allegations of the Complaint, in the context of the claims presented, the court "draw[s] on its judicial experience and common sense," Iqbal, 556 U.S. at 679, to allow the joint enterprise claim to go forward at this juncture.

relationship of the parties.[4] Thus, the Plaintiff sufficiently has stated a claim of joint enterprise liability upon which relief can be granted against Questmark.[5]

## V. CONCLUSION

For the reasons set forth above, Questmark's Motion to Dismiss the Plaintiff's claim of joint enterprise liability against it is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to counsel for the parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

June 6, 2014

---

[4] See supra note 3 and accompanying text.

[5] Certainly, Questmark and any other Defendant may renew this issue at the appropriate time in the discovery process on a motion for summary judgment, or at trial. See supra note 3 and accompanying text.

11